UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

D-3 ZAYD ALLEBBAN,

    Defendant/Petitioner.
_____/

Criminal Case No.  2:12-cr-20292-3
Civil Case No.       2:15-cv-13445

HONORABLE STEPHEN J. MURPHY, III

## ORDER DENYING MOTION TO VACATE SENTENCE (document no. 121)

Zayd Allebban was convicted of obstructing justice in violation of 18 U.S.C. § 1519 and the Court sentenced him to 41 months imprisonment. Allebban appealed to the Sixth Circuit on the grounds that the Court "abused its discretion by declining to give his proposed entrapment instruction," and erred in "allowing [witness Tahir] Kazmi to invoke his Fifth Amendment right not to testify, permitting the Government not to immunize Kazmi's testimony so that he could testify, and sentencing him as an accessory to a bribery offense instead of a gratuity offense." *United States v. Allebban*, 578 F. App'x 492, 494 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 2837 (2015). The Sixth Circuit disagreed, and affirmed Allebban's conviction and sentence. Allebban now moves to vacate his sentence under 28 U.S.C. § 2255 on the same grounds — save the sentencing argument — plus the ground that the Government improperly challenged a juror based on race. ECF No. 121.

### STANDARD OF REVIEW

An individual sentenced by a federal court may seek to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. The statute provides four different grounds for claiming relief: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence;

(3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted). Generally, the motion must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

## DISCUSSION

I.  Grounds I, II, and III

Allebban argues that his due process right to present a complete defense was violated by the Court's refusal to grant a jury instruction on entrapment; his Sixth Amendment right to compulsory process was violated when the Court allowed witness Tahir Kazmi's to invoke his Fifth Amendment right against self-incrimination to avoid testifying on Allebban's behalf; and his due process right to present a complete defense was violated when the Government refused to grant Kazmi immunity. Mot. 14–36, ECF No. 121. The Sixth Circuit already rejected all of those arguments, however, when Allebban appealed his conviction and sentence. *See Allebban*, 578 F. App'x at 499–506. It is well established that "a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Allebban has not identified any circumstances of that type here. The Sixth Circuit's opinion sufficiently establishes that the challenges in Allebban's § 2255 motion should be denied, and his conviction affirmed.

II. Ground IV: *Batson* Challenge

Allebban's only new argument is that the Government violated his constitutional right to equal protection by using a peremptory challenge to exclude from the jury pool all members of Allebban's racial class: Arab-American. Mot. 37, ECF No. 121; *see Batson v. Kentucky*, 476 U.S. 79, 86, 89 (1986) ("The Equal Protection Clause guarantees the defendant that the State will not exclude members of his race from the jury venire on account of race."). "[A] failure to object to the alleged discriminatory use of peremptory challenges prior to the conclusion of jury selection results in the waiver of that objection." *United States v. Reid*, 764 F.3d 528, 533 n.4 (6th Cir. 2014). In other words, a *Batson* challenge "must be raised contemporaneously with the voir dire process or prior to the time that the venire is dismissed." *Id.* at 533. Allebban did not raise a *Batson* challenge claim at trial. *See* 2/5/13 Tr., ECF No. 63. By failing to timely object to the alleged *Batson* violation, he has waived his right to do so here.

III. Certificate of Appealability

28 U.S.C. § 2253(c)(2) requires the Court to determine whether a petitioner has demonstrated a "substantial showing of the denial of a constitutional right" such that a Certificate of Appealability (COA) should issue. 28 U.S.C. § 2253. "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists could not conclude that Allebban's claims deserve further review. Thus, a COA will not issue. The Court also denies Allebban leave to proceed in forma pauperis on appeal, because the appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Allebban's Motion to Vacate Sentence (document no. 121) is **DENIED** and the companion civil case, No. 2:15-cv-13445, is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Allebban is **DENIED** leave to appeal in forma pauperis.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 22, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 22, 2016, by electronic and/or ordinary mail.

s/David P. Parker
Acting Case Manager (313) 234-2680